UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DARRYL R. KINLOCH,               )
                                 )
                                 )
       Plaintiff,                )
                                 )
v.                               )     CV420-209
                                 )
JOHN T. WILCHER,                 )
                                 )
                                 )
       Defendant.                )

## ORDER

The Court previously granted plaintiff's motion to proceed *in forma pauper* (IFP) and, in doing so, directed him to have a prisoner trust fund account statement prepared by the trust officer of his prison and submitted to the Court. *See* doc. 4. The form provided suggests that plaintiff is, in fact, not indigent. *See* doc. 6. Therefore, the Court **VACATES** its Order granting IFP status. Plaintiff is **DIRECTED** to resolve the deficiency in his filing fee and **SHOW CAUSE** as to why this matter should not be dismissed. The motion for an extension of time to submit his prisoner trust account is **DENIED AS MOOT**.

Plaintiff's application to proceed IFP identified his only source of income as occasional deposits to his inmate account in different amounts. Doc. 2 at 2. At the time of filing, he claimed only $60 in his prison trust account. *Id*. He admitted to having a checking account but stated that he did not have access to the account. *Id*.

Plaintiff's prisoner trust account statement presents a very different impression of his financial status. The form indicates that he has received an average of $990.38 in monthly deposits to his prisoner trust account over the previous eight months. Doc. 6 at 2. He has also maintained an average monthly balance of $241.66 during that period. *Id*. Despite the clear instructions of the provided form and Court Order, no ledger or balance sheet was provided to support or provide context to these values. Accepting the information as presented, plaintiff has received nearly $8,000 over an eight-month period. As it appears that plaintiff is not indigent, the Court **VACATES** its order granting IFP. (Doc. 4).

Furthermore, the Prison Litigation Reform Act provides that the Court must dismiss a claim at any time if it determines that the allegation of poverty is untrue. 28 U.S.C. § 1915e(2)(A). It may also dismiss a case

when it determines that a plaintiff has lied or sought to deceive the Court.[1] *Johnson v. Chisolm*, 2011 WL 3319872 at *1 n. 3 (S.D. Ga. Aug. 1, 2011) ("This Court does not hesitate to invoke dismissal and other sanctions against inmates who lie to or otherwise deceive this Court."); *see also Moss v. Premiere Credit of North America*, LLC, 2013 WL 842515 (11th Cir. Mar. 6, 2013) (Denying plaintiff's IFP application on appeal "because her allegation of poverty appear[ed] to be untrue in light of her financial affidavit and filings in the district court."). Plaintiff is **DIRECTED** to **SHOW CAUSE** within 30 days of this Order as to why this case should not be dismissed for misrepresenting his financial status in his IFP motion. In any response he files, plaintiff should explain where the funds reflected in the account statement came from and why he could not anticipate receipt of those funds when he initially moved to proceed IFP. If plaintiff believes that the prisoner account statement contained an error, he may submit either a ledger reflecting the deposits and withdrawals from his inmate account during the prior six months or a

---

[1] Furthermore, liars may be prosecuted. *See United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), cited in *Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012) (collecting sanction cases).

corrected prisoner trust account statement certified by the prison trust officer.

Prior to the Court's receipt of his prisoner trust account statement, plaintiff filed a motion requesting an extension of the time to submit the form. Doc. 5 at 2. As the form has now been received and the Order directing its submission is vacated, this motion is **DENIED AS MOOT**. *Id*.

**SO ORDERED**, this 29th day of September, 2020.

_/s/ Christopher L. Ray_
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA