UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DARRYL R. KINLOCH,               )
                                 )
        Plaintiff                )
                                 )
v.                               )          CV420-209
                                 )
JOHN T. WILCHER,                 )
                                 )
        Defendant.               )

## REPORT AND RECOMMENDATION

Plaintiff, appearing *pro se*, has submitted a complaint alleging inadequate medical care and challenging the conditions of his confinement. Doc. 1. He sought and was granted leave to proceed *in forma pauperis* (IFP). Doc. 2; doc 4. Upon receipt of his Prisoner Trust Fund accounting, the Court determined that plaintiff was not, in fact, indigent. Doc. 7. The Court's grant of IFP was vacated and plaintiff was directed to show cause as to why his case should not be dismissed. *Id.* He has filed a response to the Show Cause Order and a current Prisoner Trust Account statement. Doc. 9; doc. 10. As is still appears that plaintiff

is not unable to pay the filing fee for this case, the Court **RECOMMENDS** that the complaint be **DISMISSED**.

Plaintiff's application to proceed IFP identified his only source of income as occasional deposits to his inmate account in different amounts. Doc. 2 at 2. At the time of filing, he claimed only $60 in his prison trust account. Id. However, the prisoner account statement prepared by the prison reflected average monthly deposits of $990.38 and an average monthly balance of $241.66. Doc. 6 at 2. In response to the Court's order to show cause, plaintiff has provided a new prisoner trust account statement that again claims average monthly deposits of more than $900.[1] *See* doc. 10 at 2 (reflecting average monthly deposits of $930.00 and an average monthly balance of $64.15).

While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing his own litigation may cause some difficulty is not sufficient to relieve a plaintiff of his obligation to pay his own way where it is possible to do so without undue hardship. *Thomas v. Secretary of*

---

[1] The accounting provided is calculated based on a six-month period. *See* doc. 10 at 3–34. The time reflected, however, is actually slightly less than five months. Plaintiff's average monthly deposits are more accurately $1,117.20.

*Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009) (the Court has wide discretion in ruling on IFP application, and should grant the privilege "sparingly" in civil cases for damages). Two important points must be underscored. First, proceeding IFP is a privilege, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). Second, courts have discretion to afford litigants IFP status; it's not automatic. 28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary). Given his disclosed assets, plaintiff is not indigent. Accordingly, his application to proceed *in forma pauperis* should be **DENIED** and his case should be **DISMISSED**. Doc. 2.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 5th day of November, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA