```
          IN THE UNITED STATES DISTRICT COURT FOR
              THE SOUTHERN DISTRICT OF GEORGIA
                       SAVANNAH DIVISION
```

DARRYL R. KINLOCH,                )
                                  )
    Plaintiff,                    )
                                  )
v.                                )   CASE NO. CV420-209
                                  )
JOHN T. WILCHER, Sheriff,         )
                                  )
    Defendant.                    )
                                  )

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 11), to which Plaintiff has objected (Doc. 13). After a careful de novo review of the record, the Court **ADOPTS** the Report and Recommendation as its opinion.

Plaintiff applied for and was granted leave to proceed in this case in forma pauperis ("IFP"). (Docs. 2, 4.) The Magistrate Judge, however, vacated his grant of IFP status based on Plaintiff's Prisoner Trust Fund Account Statement, which reflected sufficient resources to pay the filing fee. (Doc. 7.) Plaintiff was granted an opportunity to explain the discrepancies between his initial IFP application and his account statement. Id. As the Plaintiff's response did not demonstrate his indigency, the Magistrate Judge recommended the motion for leave to proceed IFP be denied and the case dismissed. (Doc. 11 at 3.)

In his objection, Plaintiff alleges that, despite receiving more than $1,100 per month during the five-month period covered by his Prisoner Trust Account Statement, he is now unable to pay the filing fee. (Doc. 13 at 4.) The Court notes that the current balance of the Plaintiff's account is less than $100 but cannot fathom how an inmate that is supplied housing and food at the public's expense and lacks access to most amenities can spend approximately $5,500 in such a short period. It is also unclear whether Plaintiff's steady influx of income has continued. Since gaps remain in Plaintiff's explanation, his objection fails to rebut the Magistrate Judge's determination that IFP status is not warranted in this case.

It is at the sole discretion of the Court whether to waive its fees, 28 U.S.C. § 1915(a)(1) (courts "may authorize the commencement" of IFP actions); Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1732, 118 L.Ed.2d 340 (1992), and it should do so only when warranted. *Thomas v.* Secretary of Dep't of Veterans Affairs, 358 F. App'x 115, 116 (11th Cir. 2009) (finding court has wide discretion in ruling on IFP application and should grant the privilege "sparingly" in civil cases for damages). In forma pauperis status is not a tool of convenience for a party that wishes to avoid the costs of prosecuting his case, but rather, is a lifeline to those that would otherwise be denied the justice of the courthouse due to poverty. Ultimately, it is the responsibility

2

of Plaintiff to finance his own litigation and that burden cannot shift to the public merely because he might be required to forego some comforts and conveniences. Based on the foregoing, the Magistrate Judge's report and recommendation is **ADOPTED** as the Court's opinion in this case. As a result, Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is **DENIED** and Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE.** Accordingly, Plaintiff's motion to appoint counsel (Doc. 3) is **DISMISSED AS MOOT.** The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 24th day of November 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA